**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA, )
　　　　　　　　　　　　　　　)
　　　　　Plaintiff, 　　　　　)
　　　　　　　　　　　　　　　)
v. 　　　　　　　　　　　　　　) 　Case No. CR-08-33-FHS
　　　　　　　　　　　　　　　)
RANDALL ERWIN, 　　　　　　　 )
　　　　　　　　　　　　　　　)
　　　　　Defendant. 　　　　　)

## OPINION AND ORDER

Defendant, Randall Erwin, has moved the Court to dismiss Counts 5, 6, and 7 of the Indictment charging him with engaging in monetary transactions in property derived from specified unlawful activity (money laundering) in violation of 18 U.S.C. §§ 1957 and 2. Referencing the provisions of the Sixth Amendment to the United States Constitution and Rule 7(c)(1) of the Federal Rules of Criminal Procedure, Defendant contends Counts 5, 6, and 7 are insufficient in the sense that they fail to permit him to prepare his defense, identify the illegal conduct, and assert a claim of double jeopardy. The Court disagrees and concludes Defendant's Motion to Dismiss Counts 5, 6, and 7 of the Indictment (Doc. No. 88) should be denied.[1]

In each of Counts 5, 6, and 7 it is alleged that on a particular date Defendant violated 18 U.S.C. §§ 1957 and 2 by engaging, or attempting to engage, in a monetary transaction through a financial institution affecting interstate commerce in criminally derived property of a value greater than $10,000,

---

[1] The Government's suggestion that Defendant's motion is not timely filed is rejected.

1

knowing that such property was derived from unlawful activity. Each count specifies the deposit of a check as the criminally derived property in excess of $10,000. In Count 5 the check is in the amount of $150,000, in Count 6 the check is in the amount of $58,000, and in Count 7 the check is in the amount of $350,000. Defendant contends these three Counts are constitutionally infirm because the Indictment fails to identify the payor, payee, financial institution, account, signatories, or location of transaction with respect to the individual checks. The absence of the specificity sought by Defendant in Counts 5, 6, and 7, however, does not render these Counts insufficient.

An indictment is sufficient if it (1) contains the essential elements of the offense charged, (2) sufficiently notifies Defendant of what he must be prepared to defend against, and (3) enables Defendant to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense. United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994) and United States v. Kilpatrick, 821 F.2d 1456, 1461 (10th Cir. 1987). As explained by the Tenth Circuit:

> The test is not whether the indictment could have been made more definite and certain. Rather, before a conviction, the indictment standing alone must contain the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare a defense. And, after a conviction, the entire record of the case must be sufficient so as to enable the accused to subsequently avail himself of the plea of former jeopardy if the need to do so should ever arise.

Clay v. United States, 326 F.2d 196, 198 (10th Cir. 1963), cert. denied, 377 U.S. 1000 (1964)(footnote omitted). The Court concludes that Counts 5, 6, and 7 satisfy this standard. These

2

Counts clearly contain the essential elements of a violation of 18 U.S.C. § 1957. While the specificity sought by Defendant could have made the charges more definite and certain, the allegations in Counts 5, 6, and 7 sufficiently notify Defendant of what he must be prepared to defend. Against the backdrop of the conspiracy and mail fraud charges of the preceding Counts of the Indictment, Counts 5, 6, and 7 reference a specific date and check amount for each of the money laundering charges. This information sufficiently notifies Defendant of the charges against him. Moreover, the Court is satisfied that the language of Counts 5, 6, and 7, along with the entire record of this prosecution, would enable Defendant to avail himself of the plea of former jeopardy to any subsequent prosecution for the same offenses.

Based on the foregoing reasons, Defendant's Motion to Dismiss Counts 5, 6, and 7 of the Indictment is denied.

It is so ordered this 15th day of April, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma